[Doc. No. 20]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| **KENT R. COLLINS, et. al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil No. 06-2589(JBS)** |
| | : | |
| **COUNTY OF GLOUCESTER, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Motion to Amend Complaint [Doc. No. 20] filed by Robert Aaron Greenberg, Esquire, counsel for Plaintiffs, Kent R. Collins, Mirian Collins, Jerry C. Cora, Thomas J. Duffy, Agostino J. Fare, Brandy Fare, Beth Lindsay and Matthew Lindsay. Plaintiffs request leave of court to file a Second Amended Complaint ("Complaint") to join the Gloucester County Board of Chosen Freeholders, Gloucester County Department of Correctional Services, Gloucester County Sheriff's Department, Prison Health Services, Inc. ("PHS"), John Tevoli and W. Stanley Nunn (collectively the "new Defendants") as named Defendants. Plaintiffs' proposed Complaint claims that the new Defendants negligently failed to warn them of possible exposure to a contagious disease, intentionally misled or concealed their possible exposure to a contagious disease, failed to provide them with medical care, were deliberately indifferent to their rights, and violated their First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Plaintiffs' proposed Complaint also clarifies their claim for loss of consortium on behalf of Plaintiffs, Mirian Collins, Brandy Fare, and Matthew Lindsay. For the following reasons, portions of Plaintiffs' Motion to Amend are GRANTED in part, portions

are DENIED in part, and other portions are DENIED without prejudice to Plaintiffs' right to amend their proposed Complaint.

**Background**

This lawsuit is one of twenty cases consolidated for discovery and case management purposes that stem from an outbreak of Methicillin-Resistant Staphylococcus Aureus ("MRSA") at the Gloucester County Prison ("Prison") .  Of the twenty consolidated cases, Plaintiffs' lawsuit is the only matter filed on behalf of corrections officers at the Prison.  The remaining cases were filed by former or current inmates.  Plaintiffs filed their Complaint on June 9, 2006.  See Doc. No. 1.  Plaintiffs filed an Amended Complaint on June 16, 2006.  See Doc. No. 2.

Plaintiffs' proposed Complaint seeks to add as additional named Defendants the parties who were already named as Defendants in the other nineteen consolidated cases.  Plaintiffs argue generally that the new Defendants may be responsible for their injuries.  Proposed new Defendant, PHS, opposes Plaintiffs' Motion.  PHS argues that Plaintiffs have not alleged "a constitutional right of which they were deprived."  PHS further argues that Plaintiffs' due process claims are futile because they failed to establish a special relationship between themselves and PHS and failed to state a claim under the state-created danger doctrine.  PHS further contends that Plaintiffs were not incarcerated and are not subject to the protections of the Eighth Amendment.  PHS also contends that the Sixth Amendment does not apply to Plaintiffs in this case. PHS further argues that they cannot be negligent because they did not owe a duty of care to Plaintiffs.  PHS also argues that Plaintiffs' Motion should be denied because of undue delay.

Defendants, County of Gloucester, Robert M. Balicki and Frank J. DiMarco, join in PHS's opposition to Plaintiffs' Motion.  See Doc. No. 27.  Defendant, Richard Grady, M.D., and

proposed new Defendants, Gloucester County Board of Chosen Freeholders, Gloucester County

Department of Correctional Services, Gloucester County Sheriff's Department, John Tevoli and

W. Stanley Nunn, have not filed nor joined in the opposition to Plaintiffs' Motion.

**Standard of Review**

Pursuant to Fed. R. Civ. P. 15(a), leave to amend pleadings "shall be freely given when

justice so requires."  Leave shall be freely given in the absence of undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous

amendments, undue prejudice or futility of the amendment.  Foman v. Davis, 372 U.S. 178, 182

(1962); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  "[A]bsent substantial or undue

prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained

delay, repeated failure to cure deficiency by amendments previously allowed or futility of

amendment."  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (quoting Lundy v. Adamar of

New Jersey, Inc., 34 F.3d 1173, 1196 (3d Cir. 1994)).  An amendment sought pursuant to Rule

15(a) shall be permitted unless it would be inequitable or futile.  Grayson v. Mayview State

Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

In determining the futility of an amendment, the Court "applies the same standard of legal

sufficiency as applies under Rule 12(b)(6)."  Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal

Co., Inc., 380 F.Supp.2d 457, 462 (D.N.J. 2005) (quoting In re Burlington Coat Factory Sec.

Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997)); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

The Court must "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d

Cir. 2008) (quoting <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002));

<u>Brown v. Phillip Morris, Inc.</u>, 250 F.3d 789, 796 (3d Cir. 2001).  A motion to dismiss may be

granted, or in this case a proposed amendment deemed futile, only if it is clear that "if, in view of

what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial,

establish a case which would entitle them to . . . relief."  <u>Phillips</u>, 515 F.3d at 233 (quoting <u>Bell</u>

<u>Atlantic Corp. v. Twombly</u>, — U.S. —, 127 S.Ct. 1955, 1969 n. 8 (2007)).

## I.      Plaintiffs' Proposed Joinder of the New Defendants

Persons may be joined in one action as defendants if there is any right to relief asserted

against them jointly, severally, or in the alternative, arising out of the same transaction,

occurrence, or series of transactions or occurrences and if any question of law or fact common to

all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2).  Permissive joinder falls within

the discretion of the court and is to be liberally granted.  <u>Snodgrass v. Ford Motor Co.</u>, Civil No.

96-1814(JBS), 2002 WL 485688 at *2 (D.N.J. 2002) (citing <u>Miller v. Hygrade Food Products</u>

<u>Corp.</u>, 2002 F.R.D. 142, 144 (E.D.Pa. 2001)).  Based upon the allegations in Plaintiffs' proposed

Complaint, the claims against the new Defendants arise out of the same occurrences as the claims

alleged in Plaintiffs' First Amended Complaint.  The claims also involve common questions of

law and fact.  Therefore, the Court finds that the proposed joinder of the new Defendants is

permissible.

## II.     Plaintiffs' Claim For Violation of Their Due Process Rights

The Court denies without prejudice Plaintiffs' claim that the new Defendants violated

their due process rights under the Fourteenth Amendment.  The Court finds that Plaintiffs did not

adequately plead facts and a legal basis to support this relief.  As noted, to determine whether a

4

proposed amendment is futile the Court applies the same standard as a motion to dismiss under Rule 12(b)(6).  Medpointe, 380 F.Supp.2d at 462.  In Bell Atlantic Corp. v. Twombly, supra, the Supreme Court addressed the pleading requirements of Rule 8(a)(2) in the context of a motion to dismiss under Rule 12(b)(6).  Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court stated that the threshold requirement of Rule 8(a)(2) is "that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.'"  Twombly, 127 S.Ct. at 1966.  The Court also held that a complaint does not have to include detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  Further, "[w]hile Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,' the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1265).   In Phillips, the Third Circuit interpreted Twombly as holding that, "'a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Id.

Plaintiffs' claim for violation of their Fourteenth Amendment substantive due process rights fails to meet the requisite pleading requirements under Rule 8(a)(2) and Twombly.  Plaintiffs' Complaint contains only conclusory labels and no facts to support their entitlement to relief.  In assessing whether Plaintiffs' proposed due process claims are futile, the Court is left to

5

speculate as to the facts Plaintiffs rely upon.  Plaintiffs' proposed Complaint only specifically

mentions an alleged violation of their Fourteenth Amendment rights in a paragraph entitled

"Jurisdiction."  Only one count of the proposed Complaint even vaguely addresses any alleged

constitutional violation.  Count four, paragraph two, alleges an omnibus claim that all Defendants

> violated the rights of the plaintiffs under the Constitution of the
> United States, 42 U.S.C. 1983, in that the County of Gloucester, its
> agents[,] servants and[/]or employees, named herein and to be
> named as discovery proceeds, as matters of policy and practice,
> established or maintained policies or customs which caused the
> Defendants to violate the Constitutional Rights of the Plaintiffs,
> specifically by exhibiting deliberate indifference to their Rights and
> those of others similarly situated.

See Plaintiffs' proposed Second Amended Complaint at Count 4, ¶2.  Further, Plaintiffs contend

that the new Defendants were grossly negligent, reckless and intentional in their failure to warn

them of the possibility of contracting MRSA.  Id. at Count 4, ¶3.  Plaintiffs' Complaint does not

contain any factual allegations in support of their claims.  Instead, the pleading merely contains

conclusory statements and labels that are not sufficient to support a cause of action.  See

Twombly, supra, at 1265; Phillips, supra at 234.

Moreover, Plaintiffs' proposed Fourteenth Amendment claim does not address the

substantive elements necessary to plead a viable cause of action.  Plaintiffs' Reply Brief raises

for the first time their theory of a state-created danger.  However, the averments in Plaintiffs'

proposed Complaint do not provide support for this theory of liability.  A state-created danger

theory operates as an exception to the general rule that the state does not have an affirmative

obligation to protect its citizens. Phillips, 515 F.3d at 235; Bright v. Westmoreland County, 443

F.3d 276, 281 (3d Cir. 2006); Kaucher v. County of Bucks, 455 F.3d 418, 431 (3d Cir. 2006);

6

Schieber v. City of Philadelphia, 320 F.3d 409, 416 (3d Cir. 2003).  To establish a state-created

danger, a plaintiff must prove:

>    (1) the harm ultimately caused was foreseeable and fairly direct;
>    (2) the state-actor acted with a degree of culpability that shocks the
>    conscience; (3) a relationship between the state and the plaintiff
>    existed such that 'the plaintiff was a foreseeable victim of the
>    defendant's acts,' or 'a member of a discrete class of persons
>    subjected to the potential harm brought about by the state's
>    actions,'as opposed to a member of the public in general; and (4)
>    the state actor affirmatively used his or her authority in a way that
>    created a danger to the citizen or that rendered the citizen more
>    vulnerable to danger than had the state not acted at all.

Bright, 443 F.3d at 281 (internal citations omitted); see also Phillips, 515 F.3d at 235; Kaucher,

455 F.3d at 431.  Plaintiffs' Complaint does not address all of these elements, including two and

four.  In Phillips, the Court ruled that before a defective pleading is dismissed the pleader should

have an opportunity to amend the complaint.  Phillips, 515 F.3d at 245.  Accordingly, Plaintiffs'

request to amend their Complaint to add a due process claim is denied without prejudice.

### III.    Plaintiffs' Claim For Negligence

Plaintiffs' proposed Complaint alleges the new Defendants negligently failed to warn

them of possible exposure to MRSA and failed to "exercise reasonable care to make available to

the plaintiff such medical care and assistance as the emergency thus created would require."

See Plaintiff's proposed Complaint at Count III, ¶2.  Proof of negligence requires: (1) a duty of

cared owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an

injury to the plaintiff proximately caused by the defendant's breach.  Gilleski v. Community

Medical Center, 336 N.J.Super. 646, 652 (App. Div. 2001);  Endre v. Arnold, 300 N.J.Super.

136, 142 (App. Div. 1997).  Whether a defendant owes a legal duty to a plaintiff is a question of

law.  Carvalho v. Toll Bros. & Developers, 143 N.J. 565, 572 (1996).  In determining whether a

duty exists, the court should consider whether the imposition of a duty "satisfies an abiding sense

of basic fairness under all of the circumstances in light of considerations of public policy."

Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993).  The inquiry involves "identifying,

weighing, and balancing several factors - the relationship of the parties, the nature of the

attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed

solution."  Id.  The court must look at the totality of the circumstances and if the harm to be

prevented is serious, it is fair to impose a duty.  J.S. v. R.T.H., 155 N.J. 330, 339 (1998).

New Jersey courts recognize a general duty "that a person who negligently exposes

another to a contagious disease, which the other contracts, is liable in damages."  McIntosh v.

Milano, 168 N.J.Super. 466, 484 (L. Div. 1979) (citing Earle v. Kuklo, 26 N.J.Super. 471, 475

(App. Div. 1953)).  A person has a duty to warn third parties against possible exposure to

contagious or infectious diseases.  Id.; see also State v. J.E., 256 N.J.Super. 348, 353 (L. Div.

1992) (stating that when third parties have been or may be exposed to an infectious condition, the

physician may have a duty to warn third parties they are at risk).

Plaintiffs claim the new Defendants negligently failed to warn them about MRSA and to

take the necessary precautions to prevent the spread of MRSA.  PHS argues it cannot be

negligent because it did not owe a duty of care to Plaintiffs.  At this time the Court cannot rule as

a matter of law that Plaintiffs' negligence claim is futile.  In determining the futility of a

proposed amendment, the court does not need to decide whether the cause of action will

ultimately be meritorious.  The court must only determine whether "under any reasonable reading

of the complaint, the plaintiff may be entitled to relief."  Phillips, 515 F.3d at 233 (quoting

Pinker, 292 F.3d at 374 n.7).  Since the Court must examine the totality of the circumstances to determine if a legal duty exists (J.S., supra, 155 N.J. at 339), Plaintiffs are entitled to develop a complete factual record before the Court decides as a matter of law whether the new Defendants owed them a legal duty.  This factual record can only be developed after Plaintiffs have an adequate opportunity to conduct relevant discovery.  At this time, therefore, Plaintiffs' proposed negligence claim is not clearly futile and this amendment is permitted.

**IV.    Plaintiffs' Claim for Violation of their Constitutional Rights**

Plaintiffs have also alleged the new Defendants violated their First, Fifth, Sixth and Eighth Amendment rights.  The Court rules that these claims are futile.  The First Amendment provides that: "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people to peaceably assemble and to petition the Government for redress of grievances."  U.S. Const. amend. I.  Plaintiffs do not allege any facts to support their claim that the new Defendants violated their First Amendment rights.  Plaintiffs' claim that the new Defendants violated their First Amendment rights is futile.

Plaintiffs' proposed cause of action against the new Defendants for violating their due process rights under the Fifth Amendment is also futile.  The due process clause of the Fifth Amendment is only applicable to the federal government, not state or local governments.  See Schweiker v. Wilson, 450 U.S. 221, 227 n.6 (1981).  Plaintiffs have not alleged any action by the federal government.  Therefore, Plaintiffs' claim under the Fifth Amendment is futile.

The provisions of the Sixth Amendment protect a person's right to trial by jury, to a public trial, to counsel, to confrontation, to a fair and speedy trial, and to a compulsory process in

9

obtaining witnesses.  U.S. Const. amend. VI.  Plaintiffs' proposed Complaint does not allege that they were subject to criminal prosecution or any other proceeding that may implicate their Sixth Amendment rights.  Plaintiffs' proposed claim under the Sixth Amendment is futile.

The Eighth Amendment provides that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Cont. amend. VIII. The extensive jurisprudence interpreting the Eighth Amendment does not support Plaintiffs' argument that "[t]he Eighth Amendment is not specific to prisoners or prison officers."  The Eighth Amendment was designed to protect those convicted of a crime and only applies after the State has complied with the traditional guarantees associated with criminal prosecution.  Whitley v. Albers, 475 U.S. 312, 318 (1986) (internal citations omitted).  Plaintiffs were not incarcerated or convicted of a crime at the time they allege Defendants should have taken preventive measures.  The Eighth Amendment protection against cruel and unusual punishment is not applicable under these circumstances.  Plaintiffs' proposed claim for violation of their Eighth Amendment rights is futile.

## V.      Plaintiffs' Proposed Amendment to Their Loss of Consortium Claim

Plaintiffs also propose to clarify their loss of consortium claim and to include additional facts to support their claim.  Plaintiffs' proposed amendment does not change the basis of their claim, but only clarifies which Plaintiffs are alleging consortium claims and provides additional facts to support the claims.  The new Defendants have not argued that Plaintiffs' proposed amendments to their loss of consortium claim is futile and the Court finds they are permissible.

## VI.     Defendants' Claim of Undue Delay and Prejudice

After deciding whether Plaintiffs' proposed claims against the new Defendants are futile,

10

the Court now turns to PHS's argument of undue delay.  "The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay."  Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984).  Delay alone is not a sufficient ground to deny the amendment.  Cureton v. National Collegiate Athletic Association 252 F.3d 267, 273 (3d Cir. 2001).  However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams, 739 F.2d at 868.  A delay becomes 'undue' when it places an unfair burden on the nonmoving party.  Cureton, 252 F.3d 273.  A determination of undue delay must focus on the moving party's reasons for not amending the pleading sooner.  USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir. 2004); Adams, 739 F.2d at 868.

PHS argues that Plaintiffs inexplicably failed to name it in their original Complaint and First Amended Complaint despite knowing PHS's role at the prison when they initially filed this case.  PHS also argues that Plaintiffs failed without justification to seek to amend their Complaint to add PHS by this Court's May 31, 2007 deadline to file a motion to amend. Plaintiffs contend that their failure to obey this Court's May 31, 2007 deadline was inadvertent and that justice requires their Motion be granted.

Plaintiffs' Motion was not unduly delayed and Defendants will not be prejudiced if Plaintiffs are allowed to amend their Complaint.  In its May 9, 2007 Case Management Order No. 3, this Court set a May 31, 2007 deadline for Plaintiffs to file a motion to amend their complaint.  See Doc. No. 14.  While the Court recognizes that Plaintiffs' failed to file their motion to amend by its deadline, and the Court does not countenance the violation of its Orders, the Court still finds that Plaintiffs' delay should not result in the outright denial of Plaintiffs'

11

Motion.  PHS has not proffered any evidence of bad faith or improper motives underlying

Plaintiffs' delay.  The Court, therefore, accepts Plaintiffs' representation that the delay in filing

their motion to amend was inadvertent.  Further, Plaintiffs' delay is not undue because the new

Defendants are already named Defendants in nineteen consolidated cases.  The facts and legal

issues in Plaintiffs' case are similar to those in the other nineteen consolidated cases and the

amendment will not require a significant amount of additional discovery by the new Defendants.

Written discovery in these cases is also not yet complete so the new Defendants will have ample

opportunity to conduct additional discovery.  See Case Management Order No. 6 [Doc. No. 21].

Moreover, PHS and the other new Defendants have not alleged any prejudice or unfair

burden as a result of Plaintiffs' delay.  See Arthur v. Maersk, Inc., 434 F.3d 196, 205 (3d Cir.

2006) (holding that an eleven-month delay from the commencement of the action was not "so

egregious or unexplained as to warrant refusal of leave to amend"); Dole v. Arco Chemical Co.,

921 F.2d 484, 487 (3d Cir. 1990) (finding that the defendants had failed to prove undue delay

where the plaintiff moved to amend eight and a half months after commencing the action and the

amendment implicated few, if any, new facts); Lyon v. Goldstein, Civil No. 04-3458(MLC),

2006 WL 2352595, at *5 (D.N.J. 2006) (holding that a delay of little more than one year after the

commencement of the action was not undue where the defendant did not demonstrate that the

delay prejudiced him or that the plaintiff had prior opportunities to amend).

## Conclusion

Accordingly, for the foregoing reasons

IT IS on this 9th day of April 2008 hereby

ORDERED that Plaintiffs' Motion to Amend Complaint is GRANTED in part, DENIED

without prejudice in part and DENIED in part ; and it is further

ORDERED that Plaintiffs' request to amend their first Amended Complaint to join the Gloucester County Board of Chosen Freeholders, Gloucester County Department of Correctional Services, Gloucester County Sheriff's Department, PHS, John Tevoli and W. Stanley Nunn as named Defendants is GRANTED; and it is further

ORDERED that Plaintiffs' request to add a cause of action for negligence against the new named Defendants is GRANTED; and it is further

ORDERED that Plaintiffs' request to clarify their loss of consortium claims and to add additional facts supporting their claims is GRANTED; and it is further

ORDERED that Plaintiffs' request to add a cause of action against the newly named Defendants for violation of the Fourteenth Amendment is DENIED without prejudice to Plaintiffs' right to propose another Second Amended Complaint; and it is further

ORDERED that Plaintiffs' request to add causes of action against the new named Defendants for violating their First, Fifth, Sixth and Eighth Amendment rights is DENIED as futile; and it is further

ORDERED that in the interest of judicial economy, Plaintiffs shall serve the Court by **April 19, 2008**, with a copy of their proposed Second Amended Complaint that is consistent with the directives in this Order.  Defendants shall serve objections, if any, by **April 26, 2008**.  The Court will thereafter determine whether Plaintiffs' proposed Complaint is consistent with this Order and whether leave to file the Complaint should be granted.

_____
                              /s/ Joel Schneider

13

JOEL SCHNEIDER
United States Magistrate Judge