IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENT R. COLLINS, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 06-2589 (JBS/JS) |
| v. | |
| COUNTY OF GLOUCESTER, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

   This matter is before the Court upon Defendants' motions to dismiss the claims of Plaintiff Matthew Lindsay for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. [Docket Items 73 and 75]. THIS COURT FINDS AS FOLLOWS:

   1. Plaintiff Matthew Lindsay is the sole remaining plaintiff in this action brought by corrections officers at the Gloucester County Detention and Corrections Facilities ("GCCF") in Gloucester County, New Jersey, following an outbreak of Methicillin-Resistant Staphylococcus Aureus ("MRSA"). Plaintiff Lindsay was the husband of former plaintiff Beth Lindsay, a corrections officer at GCCF, and his only claim for relief is loss of consortium. (Third Am. Compl. at 8.)

   2. On June 9, 2006, the plaintiffs brought this action asserting constitutional and state law claims and invoking federal jurisdiction pursuant to 28 U.S.C. § 1331. (Compl. at

2.)  The plaintiffs subsequently amended their complaint twice, so the Third Amended Complaint maintains that the action was brought pursuant to 42 U.S.C. §§ 1983, 1985(2) & (3), and 1988(a) & (b) and asserts federal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

3.  Former Plaintiff Beth Lindsay and all the plaintiffs except for Plaintiff Matthew Lindsay have since settled their disputes with Defendants and the Court has dismissed those claims [Docket Item 79].

4.  Defendants now move the Court to dismiss Plaintiff Matthew Lindsay's claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P.  Plaintiff Lindsay does not challenge Defendants' contention that his only claims arise under state, not federal, law, since federal law does not recognize a derivative claim for loss of consortium under §§ 1983, 1985(2), or 1988 (a) & (b).  Instead, he asks the Court to take supplemental jurisdiction over his consortium claims arising under state law pursuant to 28 U.S.C. § 1367(a).  For the reasons discussed below, the Court declines to exercise supplemental jurisdiction over Plaintiff Matthew Lindsay's remaining state law claim.

5.  All claims over which this Court had original jurisdiction have been dismissed.  Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  Id. § 1367(c).  As a general rule, absent exceptional circumstances, "jurisdiction [over claims based on state law] should be declined where the federal claims are no longer viable."  Shaffer v. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984).  To determine whether exceptional circumstances exist, the Court must consider principles of judicial economy, convenience, and fairness to litigants.  Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so").  The decision to exercise or decline supplemental jurisdiction is left to the sound discretion of the district court judge.  De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003).

6.  The Court finds that there are not exceptional circumstances sufficient to justify jurisdiction in this case, when no federal questions remain.  Plaintiff Lindsay's argument

rests solely on the fact that Defendants have filed two motions for summary judgment [Docket Items 50 and 51], to which Plaintiff Lindsay has filed oppositions [Docket Items 57 and 58], but Defendants have yet to file replies.  The Court finds that the existence of pending motions does not constitute exceptional circumstances justifying supplemental jurisdiction here.  Plaintiff is free to pursue his state claims in state court, protected by tolling under 28 U.S.C. § 1367(d), and has the benefit not only of the discovery that has occurred in this Court, but the briefing as well.  The Court sees no reason why Defendants' motions for summary judgment cannot be decided by a state court, who by virtue of that judge's expertise and principles of comity is in a better position to decide the questions of state law raised by Plaintiff Lindsay's claims.  This is not a case like Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277 (3d Cir. 1993), where the district court had heard all the evidence and was prepared to rule on the merits of the plaintiff's claim.  The work done in this Court is easily transferred to state court without duplication of efforts, consequently expediting any state court proceedings Plaintiff Lindsay chooses to initiate.  Neither judicial economy, convenience, nor fairness justify this Court's continued consideration of Plaintiff's solely state law claims.

4

7.  The Court declines to exercise supplemental jurisdiction over Plaintiff Matthew Lindsay's claims and will dismiss those claims for lack of subject matter jurisdiction, without prejudice to Matthew Lindsay's right to pursue such claims in a court of competent jurisdiction.  The accompanying Order will be entered.


**July 17, 2009**                               **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                United States District Judge